THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF PARADISE FAMILY,
LLC, AS OWNER, AND ANOTHER DAY IN
PARADISE BOAT CLUB, LLC, AS OWNER         CASE NO.:
*PRO HAC VICE*, OF THE 2018 22' COBIA
*M/V REEL ADVENTURE* (HIN: CBACX018G718),
ITS ENGINE, TACKLE, APPURTENANCES,
EQUIPMENT, ETC., IN A CAUSE OF
EXONERATION FROM OR
LIMITATION OF LIABILITY,

    Petitioners.

_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioners, PARADISE FAMILY, LLC, as Owner, and ANOTHER DAY IN PARADISE BOAT CLUB, LLC, as Owner *Pro Hac Vice*, of the 2018 22' COBIA *M/V REEL ADVENTURE* (HIN: CBACX018G718) (the "Vessel"), pursuant to Supplement Rule F of the Federal Rules of Civil Procedure, file their Complaint for Exoneration from or Limitation of Liability, and allege as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Local Admiralty Rule 7.01(d).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501, *et seq*.

3. At all times material hereto, Paradise Family, LLC was the owner of the Vessel.

4. At all times material hereto, Another Day in Paradise Boat Club, LLC was the owner *pro hac vice* of the Vessel.

5. This Complaint is filed within six (6) months of Petitioners' receipt of first written notice of a possible claim against them, arising from the subject incident and subject to exoneration from or limitation of liability.

6. Venue is proper pursuant to Supplemental Rule F(9) because the Vessel has been lost at sea and is not within any district and no suit has commenced in any district.

7. The Vessel was a seagoing vessel per 46 U.S.C. § 30506(a).

8. The incident involving the Vessel occurred on August 22, 2020, in the Gulf of Mexico off the coast of Hudson, Pasco County, Florida (the "Incident").

9. The Incident allegedly resulted in injuries to one or more passengers on board the Vessel.

10. At all times material hereto, the Vessel was seaworthy, properly and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

11. The Incident and any ensuing property loss, damages, personal injury and/or casualty were not caused by Petitioners' fault, or any person for whose actions Petitioners are responsible. Neither Petitioners nor the Vessel are liable to any extent, and Petitioners are entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

12. Alternatively, and without admitting liability, Petitioners allege that in the event they or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioners claim such fault was occasioned and occurred without the privity or knowledge of

Petitioners or any of their members, managers, directors, officers, stockholders, or any persons whose actions Petitioners are responsible, at or before the Incident.

13. The Vessel's value following the subject voyage was zero. The value of the pending freight at the voyage's termination was zero. *See* Declaration of Value, attached hereto as **Exhibit "A."**

14. Subject to an express reservation of rights, Petitioners file contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $0.

15. Should the Court require it, Petitioners are prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners respectfully request:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioners seek exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioners' attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioners, their underwriters, or any of their property with respect to any claim for which Petitioners seek

limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioners' interest therein and pending freight, if any, per Local Admiralty Rule 7.06, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioners and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioners are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interest in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioners and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners or their property as result of or in connection with the Incident; and

e. This Court grant Petitioners such other and further relief that justice may require.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

Dated: September 1, 2020                              Respectfully submitted,

/s/ Brandon Bushway
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY,** FBN: 1015247
bbushway@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
Tel:  813-223-1900 / Fax:  813-223-1933
*Counsel for Petitioners, Paradise Family LLC, as Owner, and Another Day in Paradise Boat Club, LLC, as Owner Pro Hac Vice, of the 2018 22' COBIA M/V REEL ADVENTURE (HIN: CBACX018G718)*