UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE
COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE           Case No.: 8:20-cv-2056-60AAS
BOAT CLUB, LLC, AS OWNER
PRO HAC VICE, OF THE 2018 22'
COBIA M/V REEL ADVENTURE
_____/

## REPORT AND RECOMMENDATION

The petitioners, Paradise Family LLC, as owner, and Another Day in Paradise Boat Club, LLC, as owner pro hac vice of M/V Reel Adventure (HIN: CBACX018G718), started this action in admiralty claiming the right to exoneration from or limitation of liability for all claims arising out of an incident in the Gulf of Mexico off the coast of Hudson, Pasco County, Florida on August 22, 2020. (Doc. 1). The petitioners request entry of default judgment for exoneration from liability against potential claimant(s) who failed to file claims or answers by the Monition deadline of December 1, 2020. (Doc. 22). Because the petitioners gave the required notice and the time for filing a claim or answer has expired, it is recommended that the petitioners' motion be granted, and default judgment be entered against potential claimant(s) who failed to file or otherwise state a claim by December 1, 2020.

I.   BACKGROUND

The petitioners initiated this proceeding under 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming the right to exoneration from or limitation of liability for

1

all claims arising out of the vessel's accident on August 22, 2020. (Doc. 1). The petitioners request exoneration under Supplemental Rule F(2) and the benefit of limitation of liability in 46 U.S.C. § 30501, *et seq.* (*Id.*). Upon consideration, a September 3, 2020 order approved the petitioners' Ad Interim Stipulation, directed the Issuance of Monition and Notice, and stayed all actions or proceedings against the petitioners arising out of the August 22, 2020 incident until final determination. (Doc. 7). That order required the petitioners to (1) provide public notice of the Monition by publication once each week for four consecutive weeks in The Tampa Bay Times before the date fixed for filing claims; (2) mail a copy of the Monition to every person known to have made a claim against them or the vessel arising out of the incident set forth in the complaint no later than the day of the second publication; and (3) require all potential claimants file with the Clerk of the court and serve the petitioners' attorney with a copy of their claims no later than December 1, 2020. (*Id.*).

Following Rule F of the Supplemental Rules and Local Admiralty Rule 7.06, the petitioners bought an advertisement that The Tampa Bay Times published weekly for four consecutive weeks beginning September 6, 2020 and ending on September 27, 2020. (Doc. 10). On November 25, 2020, three claimants, Justin Roland Deskins, Jerry Napolean Harvey, and Angelica Maria Valasco Acre, filed an answer, asserted affirmative defenses, and filed a Supplemental Rule F(5) claim. (Docs. 13, 14, 15, 16, 17, 18, 19).[1] Because no other potential claimants filed a claim

---

[1] Mr. Deskins filed two answers, but upon review, there are no differences between the two answers. (*See* Docs. 13, 19).

by December 1, 2020, the petitioners moved for Clerk's default against potential claimant(s) who failed to file or otherwise state a claim. (Doc. 20).

Then the Clerk entered default against potential claimant(s) who failed to file claims or answers by December 1, 2020. (Doc. 21). Since the entry of the Clerk's default, no other potential claimant(s) have filed a claim. The petitioners now seeks default judgment against potential claimant(s) who failed to file or otherwise state a claim.[2] (Doc. 22).

## II.    DISCUSSION

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." *In re Newport Freedog, LLC*, No. 8:18-cv-647-23-AEP, 2018 WL 3687986, at *2 (M.D. Fla July 16, 2018), *report and recommendation adopted sub nom. Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the

---

[2] Mr. Deskins, Mr. Harvey, and Ms. Valasco Acre do not oppose the petitioners' request for default against all potential claimants who have failed to file or otherwise state a claim. (Doc. 22, p. 5).

3

claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once that notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint, unless the claim included an answer." *Id.*

In actions arising under Supplemental Rule F, default judgment will be entered against any potential claimant who failed to respond to a public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled their "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

Here, the petitioners fulfilled its obligations, and default judgment is

4

warranted. Specifically, the notice was published and appeared once a week for four consecutive weeks in The Tampa Bay Times starting September 6, 2020. (Doc. 12). The notice expressly stated the deadline for filing a claim or answer was December 1, 2020, and failure to file a claim or answer could result in the waiver of the right to file such claim or answer. (*See* Doc. 10). Thus, the required notice has been given, and the time for filing a claim has expired.

Mr. Deskins, Mr. Harvey, and Ms. Valasco Acre filed timely claims and answers. (Docs. 13–19). A Clerk's default has been entered against potential claimant(s) who failed to file or otherwise state a claim. (Doc. 21). Thus, default judgment should be entered against potential claimant(s) who failed to file or otherwise state a claim.

### III. CONCLUSION

Thus, the following is **RECOMMENDED**:

1. The petitioners' Motion for Default Judgment against Potential Claimant(s) (Doc. 22) be **GRANTED**.

2. Default Final Judgment should be entered against potential claimant(s) that have not appeared but may have a claim against the petitioners.

3. The petitioners should be exonerated from any responsibility, loss, damage or injury, from any and all claims arising out of the incident described in the Petition for Exoneration from or Limitation of Liability (Doc. 1) against potential claimant(s) who failed to file or otherwise state a claim.

**ENTERED** in Tampa, Florida on December 11, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.