UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE
COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE        Case No.: 8:20-cv-2056-TPB-AAS
BOAT CLUB, LLC, AS OWNER
PRO HAC VICE, OF THE 2018 22'
COBIA M/V REEL ADVENTURE
_____/

# ORDER

The petitioners, Paradise Family, LLC and Another Day in Paradise Boat Club, LLC, move to compel discovery from Justin Deskins, Jerry Harvey, and Angelica Valasco Arce (collective the claimants). (Doc. 41). The claimants did not respond. The petitioners' motion to compel is **GRANTED.**

## I. BACKGROUND

The petitioners began this proceeding under 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming the right to exoneration from or limitation of liability for all claims arising out of the vessel's accident on August 22, 2020. (Doc. 1). The petitioners requested exoneration under Supplemental Rule F(2) and the benefit of limitation of liability in 46 U.S.C. § 30501, *et seq.* (*Id.*). Upon consideration, a September 3, 2020 order approved the petitioners' Ad Interim Stipulation, directed the Issuance of Monition and Notice, and

stayed all actions or proceedings against the petitioners arising out of the August 22, 2020 incident until final determination. (Doc. 7).

Following Rule F of the Supplemental Rules and Local Admiralty Rule 7.06, the petitioners bought an advertisement that The Tampa Bay Times published weekly for four consecutive weeks. (Doc. 10). On November 25, 2020, the claimants filed answers, asserted affirmative defenses, and filed a Supplemental Rule F(5) claims. (Docs. 13, 14, 15, 16, 17, 18, 19).[1] Because no other potential claimants filed a claim by December 1, 2020, the Clerk entered default against potential claimant(s) who failed to file claims or answers by December 1, 2020. (Docs. 20, 21). A December 28, 2020 order granted the petitioners' motion for default judgment against potential claimant(s) who failed to file or otherwise state a claim. (Doc. 27).

On January 28, 2021, the court entered its case management and scheduling order. (Doc. 32). On February 3, 2021, the petitioners served the claimants with their First Request for Production and First Set of Interrogatories. (Doc. 41, Ex. A). The claimants served their written responses to the discovery requests. (Doc. 41, Exs. B, D). The petitioners contacted the claimants about deficiencies in the discovery responses. (Doc. 41, Ex. E). Mr.

---

[1] Mr. Deskins filed two answers, but upon review, there are no differences between the two answers. (*See* Docs. 13, 19).

Deskins and Mr. Harvey served amended discovery responses, but Ms. Arce did not serve amended discovery responses. (Doc. 41, Ex. G).

First, the petitioners now request the court overrule Mr. Deskins's objection to Request for Production Number 30 and order Mr. Deskins to provide documents responsive to that request. (Doc. 41, ¶¶ 8–13). Second, the petitioners move to compel Mr. Harvey to verify his amended interrogatory answers. (*Id.* at ¶ 14). Third, the petitioners move to compel Ms. Arce to provide an amended interrogatory answer and provide documents responsive to requests for production. (*Id.* at ¶¶ 15–28). Last, the petitioners request reimbursement of their reasonable expenses incurred in trying to obtain this discovery. (*Id.* at ¶¶ 30–31). The claimants did not respond to the petitioners' motion and the time to respond has passed.[2]

## II. LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

---

[2] A May 17, 2021 order gave the claimants an additional nine days to respond to the petitioners' motion. (*See* Doc. 47).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

Because the petitioners asks for specific discovery from each claimant, the court addresses the discovery requests for each claimant and then the petitioners' overall request for reasonable expenses.

### A. Justin Deskins

The petitioners move to compel Mr. Deskin to produce documents responsive to one request for production. (Doc. 41, ¶ 8–13).

> **Request for Production No. 30:** For *each* Facebook and Instagram account maintained by You, please produce Your account data, including posts, photographs, and videos from the period of August 22, 2014 through the present date.
>
> **Response:** Objection. Not relevant to the issue of negligence in the Limitation action. Also, Petitioner has not demonstrated a basis for this information, other than to conduct an open fishing expedition. Claimant does not waive his right to privacy over this personal information. Said content would involve other persons

4

who have not consented to the Petitioner rifling through their personal and private information.

(Doc. 41, Ex. G). The petitioners argue Mr. Deskins's objection should be overruled because they have a right to discovery information related to Mr. Deskins's alleged damages, which may be depicted on Mr. Deskins's social media. (Doc. 41, ¶ 12).The petitioners also argue there is no right to privacy in Facebook posts. (*Id.* at ¶ 13).

Social media content may be subject to discovery. *See Martin v. Halifax Healthcare Sys., Inc.*, No. 6:12-cv-1268-Orl-37DAB, 2013 WL 12153535, at *2 (M.D. Fla. Dec. 31, 2013). Social media content "is neither privileged nor protected by any right of privacy." *Davenport v. State Farm. Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). However, as with other discoverable material, social media content "is subject to the threshold showing that the discovery is relevant to a party's claim or defense and proportional to the needs of the case." *Rollins v. Banker Lopez & Gassler*, No. 8:19-cv-2336-T-33SPF, 2020 WL 1939396, at *2 (M.D. Fla. Apr. 22, 2020). By following the standard for discovery, this prevents parties from engaging "in the proverbial fishing expedition, in the hope that there might be something of relevance" in the opposing party's social media. *Davenport*, 2012 WL 555759, at *1.

Here, the petitioners' request for Mr. Deskins's social media account is

relevant and proportional because Mr. Deskins alleged damages for loss of the capacity to enjoy life. (*See* Doc. 14). Mr. Deskins's social media could provide evidence about Mr. Deskins's quality of life before the incident and how the incident has affected his quality of life. Thus, Mr. Deskins's objection is overruled and the petitioners' motion to compel documents responsive to Request for Production No. 30 is granted

### B. Jerry Harvey

The petitioners state Mr. Harvey did not verify his answers to the petitioners' interrogatories. (Doc. 41, ¶ 14; Doc. 41, Ex. G). The petitioners ask for an order compelling Mr. Harvey to verify under oath his amended answers to the petitioners' interrogatories. (Doc. 41, ¶ 14).

Interrogatories must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); *see also United States v. $361,407.00 in U.S. Currency*, No. 6:19-cv-2349-ACC-DCI, 2020 WL 5102974, at *2 (M.D. Fla. Aug. 11, 2020). Because Mr. Harvey's Answers to Interrogatories remain unverified, the petitioners' motion to compel Mr. Harvey to verify his answers is granted.

### C. Angelica Valasco Arce

The petitioners request Ms. Arce amend one interrogatory answer. (Doc. 41, ¶ 18).

> **Interrogatory No. 12:** Have You ever been involved in any other accidents/incidents/falls resulting in any other injuries either

> before or after the Incident described in Your Claim? If so, state the date and location of each such accident or injury, all injuries suffered by You, whether any litigation arose therefrom (and if so, identify the litigation by case name and jurisdiction), and the name and addresses of all medical, osteopathic, chiropractic or other type of doctors and hospitals and other health care facilities at which You were examined and/or treated.
>
> **Response:** Yes, I was involved in an accident in 2015. Refer to number 11 above for treaters. The case was filed in Hillsborough County, Florida.

(Doc. 41, Ex. G). The petitioners argue Ms. Arce's answer is incomplete and lacks transparency about her past and present medical conditions. (Doc. 41, ¶ 18). Because Ms. Arce makes a personal injury claim related to the incident identified in the petitioners' complaint, Ms. Arce's prior medical history, including accidents and subsequent treatment, is relevant.

Ms. Arce's information about her prior litigation is also incomplete. Because Ms. Arce stated her litigation was filed in Hillsborough County, this shows Ms. Arce may have filed that case here in the Middle District of Florida Tampa Division or the Hillsborough County Thirteenth Judicial Circuit Court. The petitioners represent that they did their due diligence to find Ms. Arce's prior case but they could not locate it.

Ms. Arce must provide the full name of the case and the specific court where the case was filed. Additionally, to the best of her ability, Ms. Arce must provide any medical history and treatment related to her 2015 accident. Thus,

the petitioners' motion to compel a better answer to Interrogatory No. 12 is granted.

The petitioners also move to compel Ms. Arce to produce documents responsive to requests for production. (Doc. 41, ¶¶ 19–28). The petitioners argue Ms. Arce agreed to produce documents responsive to two requests for production but has not produce any documents. (*Id.*).

> **Request for Production No. 1:** Your federal income tax returns and W-2s for the years 2014 through the present, as well as any state income or intangible tax returns filed for the same years (if You do not have Your tax returns, please complete and return the attached Request for Copy of Tax Return form).
>
> **Response:** Has been requested and will be provided upon receipt.
>
> **Request for Production No. 8:** All of Your cell phone records from 6:00 a.m. eastern time on the date of the Incident to 11:59 p.m. easter time on the date of the Incident, including but not limited to text messages, social media messages, telephone calls, photographs, and videos.
>
> **Response:** Has been requested and will be provided upon receipt.

(Doc. 41, Ex. D). Because Ms. Arce has agreed to produce the documents and has waived her objections, the petitioners' motion to compel documents responsive to Requests for Production Nos. 1, 8 is granted.

The petitioners move to compel Ms. Arce to provide additional documents related to one request for production. (Doc. 41, ¶28).

> **Request for Production No. 13:** All correspondence exchanged between all persons on board the Vessel regarding anything

> relating to the subject voyage, seeking medical treatment, and pursuing claims against Petitioners and/or Matthew Carlin, from the date of the Incident to the present.
>
> **Response:** See response to 12 above. [All documents responsive to this request in Claimant's possession are attached via dropbox link.]

(Doc. 41, Ex. D). The petitioners state they received a screenshot showing part of the text message exchange, but it was not a complete production of the text message exchange. (Doc. 41, ¶ 28). The requested discovery is relevant because Ms. Arce's response to Mr. Carlin's question about seeking treatment relates to her claimed injuries from the incident in the complaint. The petitioners' motion to compel documents responsive to Request for Production No. 13 is granted.

### D.   Reasonable Attorney's Fees

The petitioners request their reasonable expenses incurred with this motion. (Doc. 41, ¶ 31). The petitioners ask for their reasonable expenses, including attorney's fees, in preparing this motion and conferring with the claimants to obtain this discovery. (*Id.* at ¶ 30).

Under Rule 37, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the [non-moving] party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must

not order this payment if (1) the moving party filed the motion before attempting in good faith to obtain the discovery; (2) "the opposing party's nondisclosure, response, objection was substantially justified," or (3) other circumstances would make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because the court grants the petitioners' motion to compel discovery, the court must award reasonable expenses unless an exception is met. No exception has even been argued, however, because the claimants failed to respond to the petitioners' motion, despite being given extra time to be heard. An award of reasonable expenses is further supported due to the petitioners' multiple attempts to address these discovery issues before court intervention. Because no exception to the rule is met, the petitioners' motion for reasonable expenses, including attorney's fees, is granted.

## IV. CONCLUSION

Thus, the following is **ORDERED:**

1. The petitioners' Motion to Compel Discovery (Doc. 41) is **GRANTED.**

   a. By June 11, 2021, Mr. Deskins must produce documents responsive to Request for Production No. 30.

   b. By June 11, 2021, Mr. Harvey must verify his Answers to Interrogatories.

    c.    By June 11, 2021, Ms. Arce must amend her answer to Interrogatory No. 12 and produce documents responsive to Requests for Production Nos. 1, 8, 13.

2. The petitioners' request for reasonable expenses, including attorney's fees, incurred in preparing their motion and conferring with the claimants to obtain this discovery is **GRANTED.** The parties' counsel must confer in good faith to stipulate to the reasonable expenses incurred. If the parties fail to stipulate, the petitioners may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable.

**ORDERED** in Tampa, Florida on May 28, 2021.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge