UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE
COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE            Case No.: 8:20-cv-2056-TPB-AAS
BOAT CLUB, LLC, AS OWNER
PRO HAC VICE, OF THE 2018 22'
COBIA M/V REEL ADVENTURE
_____/

## ORDER

Petitioners Paradise Family, LLC and Another Day in Paradise Boat Club, LLC move to compel Claimants Justin Deskins, Jerry Harvey, and Angelica Velasco Arce to pay attorney's fees pursuant to this court's May 28, 2021 order (Order).[1] (Doc. 51, 81). Pursuant to the Order, Petitioners allege they sent a fee invoice to Claimants' counsel on June 22, 2021. (Doc. 81, Ex. A). Petitioners claim they failed to hear from Claimants' counsel and sent follow-up correspondence to Claimants' counsel on August 12, 2021. (Doc. 81, p. 2). Petitioners assert Claimants' counsel's failure to timely respond to both the court's order and Petitioners' correspondence provides good cause for an order requiring Claimants to pay reasonable attorney's fees incurred both pursuant

---

[1] Petitioners also assert Claimants' response to Petitioners' motion to compel (Doc. 84) should be stricken as untimely since the response was filed one day late. (Doc. 85). The court concludes Claimants' admitted "clerical error in calendaring" constitutes excusable neglect under Fed R. Civ. P. 6(b) and will therefore not strike Claimants' response. (Doc. 86).

to the Order and regarding efforts in attempting to collect said attorney's fees. (*Id*. at 3). Claimants respond by asserting Petitioners may not move to compel attorney's fees pursuant to the Order until the parties have conferred in good faith on what reasonable expenses were incurred. (Doc. 84, p. 2). Claimants also alleges Petitioners' invoice is insufficiently detailed regarding "the amounts alleged, including the time claimed spent and any charges claimed to have accrued." (*Id*.).

The court agrees with Claimants. The Order requires both parties to "confer in good faith to stipulate to the reasonable expenses incurred." (Doc. 51, p. 11). Petitioners made no attempt to confer with Claimants on a stipulation of reasonable attorney's fees beyond sending an invoice for fees and a brief e-mail requesting payment. (Doc. 81, p. 2). *See also Confer*, Black's Law Dictionary (11th Ed. 2019) (defined in this context as "[t]o hold a conference; to consult with one another").

Additionally, the relevant portion of Petitioners' invoice is four lines, containing only broad descriptions and dollar amounts summing to over $1500. (Doc. 81, Ex. A). To properly examine the reasonableness of Petitioners' claimed expenses, Petitioners must provide Claimants with "specific and detailed evidence from which the court can determine the reasonable hourly rate," as well as records showing "the time spent on the different claims, and

2

the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)). Petitioner's failure to provide a detailed accounting of expenses incurred from litigating the underlying motion (Doc. 41) coupled with their failure to meet and confer regarding the reasonableness of Petitioners' expenses renders this motion premature.

Thus, the motion to compel (Doc. 81) and motion to strike (Doc. 85) are **DENIED without prejudice**. As previously ordered by the court (Doc. 51, p. 11), the parties' counsel must confer in good faith to stipulate to the reasonable expenses incurred. If the parties fail to stipulate, Petitioners may submit a motion, supported by a memorandum of law and any expense records, to support why the expenses they request are reasonable.

**ORDERED** in Tampa, Florida on October 13, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3